UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| CITIZENS BANK, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 6: 05-276-DCR |
| FIRST TRUST AND SAVINGS BANK, | ) ) | |
|     Respondent, | ) ) | |
| and | ) ) | **MEMORANDUM OPINION AND ORDER** |
| EDWARD KEITH SMITH and JERRI LYNN SMITH, | ) ) ) | |
|     Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of two substantive motions: Plaintiff Citizens Bank's Motion to Remand [Record No. 8] and Respondent First Trust and Savings Bank's Motion to Dismiss. [Record No. 3]. In addition, a number of procedural motions have been filed. However, because the Court concludes that remand is proper, all other motions will be denied as moot [Record Nos. 3, 20, 21 and 22].

**I.    BACKGROUND**

From October 2002 to June 2003, First Trust and Savings Bank (First Trust), a Tennessee Bank, loaned approximately $600,000 to Edward and Jerri Smith (jointly, the Smiths). The collateral/assurance for the loan included several letters of credit purportedly issued by Citizen's

Bank (Citizens), a Kentucky Bank. At the time the loans were issued, Mr. Smith was the president of Citizens. [Record No. 3]

In August 2004, First Trust sent began sending letters to the Smiths advising them that their loans were becoming due. First Trust also sent Citizens a letter demanding payment on the letters of credit. *Id.* On April 20, 2005, Citizens filed a petition for declaratory judgment and a complaint in Rockcastle County, Kentucky. The complaint alleged that the Smiths obtained the letters of credit by fraud, while the declaratory judgment sought a determination that First Trust was complicit in the fraud, thereby rendering Citizens not liable for payment on the letters of credit. [Record No. 1, 3]

## II.     ANALYSIS

Statutory procedures for removal are to be strictly construed. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941) (policy underlying removal statutes "is one calling for the strict construction of such legislation"); *Wood v. De Weese*, 305 F Supp 939 (W.D.Ky. 1969) (Procedure for removal will be strictly construed in effort to preserve jurisdiction and comity of state and federal courts).

### A.     Rule of Unanimity

Title 28 of the United States Code, Section 1446(a), requires that "[a] defendant or defendants desiring to remove any civil action . . . shall file . . . a notice of removal." Despite the ambiguity of the term "defendant or defendants", removal generally requires unanimity among the defendants. *See, e.g., Chicago, R. I. & P. Ry. Co. v. Martin*, 178 U.S. 245 (1900). "The rule of unanimity requires that in order for a notice of removal to be properly before the

court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999). The failure of all defendants to join in removal creates a defect in removal procedure within the meaning of § 1447(c). *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995).

In this case, Defendant First Trust timely filed a notice of removal. However, to be sufficient there must be a clear, unambiguous consent to that removal filed by all other defendants in the case. Most district courts interpret this requirement as requiring formal, written consent by all parties. *See Clyde v National Data Corp.*, 609 F. Supp. 216 (N.D.Ga. 1985) (the fact that one defendant informed other defendants of his consent to removal is insufficient; his filing of answer in federal court is not significant where it was silent as to removal). The Sixth Circuit allows a less formal means of satisfying the rule of unanimity but still requires some indicia of consent by the other defendants. *Harper v AutoAlliance Int'l, Inc.,* 392 F.3d 195 (6th Cir. 2004) (removal notice complied with "rule of unanimity" under 28 USCS § 1446(a) where one defense counsel signed notice pursuant to Fed. R. Civ. P. 11 and correctly represented concurrence by another defense counsel).

Here, there is no evidence in the record that First Trust ever sought or received consent from Edward or Jerri Lynn Smith. The Smiths filed an answer, but that answer makes no mention of consent to removal, nor independent desire to remove. [Record No. 2] Further, neither First Trust's Notice of Removal nor its Response in Opposition to Remand indicates that the Smiths joined in the removal. [Record Nos. 1, 12] In fact, First Trust implicitly admits that

it did not have the Smiths consent to removal. [Record No. 12] Therefore, barring a legally sufficient excuse, remand would be appropriate at this point.

While admitting that the Smiths did not join in removal, First Trust argues that the rule of unanimity should not apply, as the parties should be re-aligned to reflect what it calls the "primary dispute in the controversy". In the alternative, First Trust contends that the Smiths were fraudulently joined as defendants to defeat diversity jurisdiction. [Record No. 12] First Trust alleges that Citizens Bank brought their declaratory judgment action in anticipation of litigation by First Trust to collect on the letters of credit in the event the Smiths are unable to pay. *Id.* Therefore, the real dispute between these parties is the liability of the Smiths and Citizens to First Trust. *Id.* Thus, it asserts that the Smiths should be realigned or dismissed, leaving only diverse First Trust on one side of the case.

### B. Fraudulent Joinder

The removing party bears the burden of demonstrating fraudulent joinder. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 330 (6th Cir. 1989). In order to establish that a non-diverse defendant has been fraudulently joined, the removing, a diverse defendant need not show actual fraud. Instead, it need only establish: (1) there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or (2) there has been outright fraud in the plaintiff's pleadings of jurisdictional facts. *Eckhart v. DePuy Orthopaedics, Inc.*, 2004 U.S. Dist. LEXIS 25211 (S.D. Ohio 2004), *citing B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981). As there have been no allegations of fraud in the jurisdictional facts, in order to defeat remand First Trust must

prove that Citizens would not have a cause of action for declaratory judgment against the Smiths under Kentucky law.

"Any disputed questions and fact and ambiguities in the controlling state law [should be resolved]. . . in favor of the nonremoving party." *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994), *citing Carriere v. Sears Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). Furthermore, the Court should not try to determine the plaintiff's actual motive for joining a particular defendant, but must limit its inquiry to whether the plaintiff could establish a cause of action against the defendant. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) ("[Plaintiff's] motive in joining [the non-diverse defendant] is immaterial to our determination regarding fraudulent joinder"). It is well-settled law that, generally, the plaintiff is master of his complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987).

Courts within this circuit are split over the proper method for deciding how deeply to delve into the record to determine the validity of the plaintiff's joinder of a non-diverse defendant. While some district courts apply a "piercing the veil" approach, others have adopted a "pleadings only" method to determine the validity of plaintiff's cause of action against the non-diverse defendant. *Brusseau v. Electronic Data Systems Corp.*, 694 F. Supp. 331, 334 (E.D. Mich. 1988) ("[C]ourts may look beyond the pleadings to determine if the joinder of the nondiverse defendant, though fair on its face, is a "sham" to prevent removal."); *but see Saylor v. General Motors Corp.*, 416 F. Supp. 1173 (E.D. Ky. 1976). In this case regardless of the

approach applied, a plain reading of Kentucky law indicates that Citizens has asserted valid claims against the Smiths.

As previously noted, Citizen's action in state court was for declaratory judgment, coupled with a complaint against the Smiths personally for fraud. A significant part of its claim against First Trust is that First Trust was complicit with the Smiths in a scheme to defraud Citizens by accepting letters of credit it knew to be improper. If this factual allegation is proven, or if Citizens establishes that First Trust was had reason to know the letters of credit were invalid, Citizens would be without liability. Consequently, the Smiths would be solely liable to First Trust. Conversely, a court could determine that the letters of credit were proper (or that First Trust had no reason to know they were improper), rendering Citizens liable on the letters of credit. Under any of these scenarios, a resolution of the declaratory judgment action would necessarily involve all three parties.

In overturning a declaratory judgment in which a prior successful bidder had not been joined, the Supreme Court of Kentucky has held that "the true meaning of 'all necessary parties,' as stated in *Security Trust Co. v. Swope*, 274 Ky. 99, 118 S.W.2d 200 (1938), is that the term refers to those persons whose interest would be divested by an adverse judgment." *Ram Eng'g & Constr., Inc. v. Univ. of Louisville*, 127 S.W.3d 579, 582 (Ky. 2003). Under the facts alleged in this case, Citizens has a colorable claim that the Smiths would be a necessary party to a declaratory judgment action over the letters of credit issued.

### C. Re-Alignment

Federal law applies in determining whether a party should be classified as a plaintiff or defendant. That determination prevails over a plaintiff's characterization, or even a state court's characterization or alignment of the parties. *Chicago, Rock Island & Pac. R. R. Co. v. Stude*, 346 U.S. 574 (1954). It may be true that First Trust could file suit against Citizens and the Smiths, and that lawsuit would have original diversity jurisdiction in this Court. However, absent a showing of fraudulent joinder, the potential for similar litigation does not nullify Citizen's action. Addressing a similar situation, the Fifth Circuit determined that, absent a showing of fraudulent joinder,

> it may be said that they cannot be aligned or realigned on either of just two sides, that every single claimant is adverse to each and every other claimant.[] If that view be correct, it merely discloses a number of separable controversies within a single suit, which is not wholly between citizens of different states, and of which the United States district courts did not have original jurisdiction.[] The best that can be said for [defendant] from a jurisdictional standpoint is that it had a separable controversy over these benefits with each of the other claimants; but a separable controversy or even a separate and independent controversy with a citizen of another state within a suit between citizens of the same state is not a ground of original federal jurisdiction.[] Misjoinder or multifariousness, in the absence of a fraudulent joinder, does not affect the original jurisdiction of the federal district courts; and the insuperable jurisdictional defect here is that, as between the claimants the interpleader proceeding is not a controversy wholly between citizens of different states. Neither separable controversies within a suit nor separate and independent claims in the same action, between citizens of different states, have ever been a ground of original jurisdiction of the United States district courts; but this is not true as to the removal jurisdiction, and has not been since the Act of July 27, 1866, 14 Stat. 306.

*United States v. Sentinel Fire Ins. Co.*, 178 F.2d 217, 235 (5th Cir. 1949). Though the parties were ultimately realigned, the Fifth Circuit noted how realignment would have been inappropriate in a declaratory judgment action.

Therefore, using the Supreme Court's "functional test" for determining the status of parties, and keeping in mind that removal statutes are to be strictly construed against the party seeking removal, First Trust has failed to demonstrate that realignment is appropriate in this action. *Mason City & Ft. Dodge Ry. Co. v. Boynton*, 204 U.S. 570 (1907); *Shamrock Oil*, 313 U.S. 100. In summary, under the facts presented, this Court concludes that Citizens has asserted a colorable claim against both the Smiths and First Trust in state court, even if that declaratory judgment action was filed in anticipation of possible litigation by First Trust. First Trust's failure to obtain the Smiths consent to removal is therefore fatal to removal.

### III.   CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** as follows:

(1)   The Plaintiffs' Motion to Remand [Record No. 8] is **GRANTED**;

(2)   All other motions [Record No. 3, 20, 21, 22] are **DENIED**, as moot; and

(3)   This matter is **REMANDED** to the Rockcastle County Circuit Court for further proceedings.

This 2nd day of November, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge